IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



02 JUL 23 PM 2:05

EDWARD L. PYEATT,

    Movant/Defendant,

vs.

CIVIL NO. 00-1580 JC/DJS
Criminal No. 96-228 JC

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the Federal Correctional Institution at Florence, Colorado, as a result of his convictions for possessing with intent to distribute more than one hundred grams of methamphetamine, carrying or using a firearm during that crime, and for being a felon in possession of a firearm. Following his jury trial and conviction, Movant was sentenced to two hundred and eleven months imprisonment on December 16, 1996. The judgment imposing that

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



sentence was imposed on January 10, 1997. Movant did not file a direct appeal; however, on November 6, 2000 he filed a one-page motion to vacate his sentence pursuant to 28 U.S.C. §2255. Movant asserts that he was denied effective assistance of counsel at his sentencing because his attorney was not licensed to practice law in New Mexico at that time.

2. Respondent filed a motion to dismiss on December 22, 2000 (Docket No. 4). Among various other pleadings, Movant filed a notice of appeal on February 14, 2001 (Docket No. 9). On November 14, 2001, the Tenth Circuit Court of Appeals dismissed the appeal for lack of appellate jurisdiction and remanded the matter to this Court (Docket No. 13). Respondent contends that this action is time barred under the terms of 28 U.S.C. §2255. This Court agrees.

3. 28 U.S.C. §2255 states in part that

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment of conviction becomes final and the one year limitation period begins to run after the time for seeking *certiorari* review has expired if a defendant does not petition the United States Supreme Court for a writ of *certiorari* after his direct appeal. United States v. Burch, 202 U.S. 1274, 1276 (10th Cir. 2000). In this case, no impediment to Movant bringing his ineffective assistance of counsel claim is alleged, the right to effective counsel is not newly recognized, and the facts of counsel's performance at sentencing and the status of his license to practice law was discoverable at the time of Movant's sentencing. Consequently, the one-year limitation period began to run when

Movant's conviction became final.

4. Because Movant did not bring a direct appeal, his conviction became final on April 10, 1998. See Sup.Ct.R. 13.1 (providing that a petition for a writ of *certiorari* is timely when it is filed within ninety days following the entry of judgment). As mentioned previously, Movant did not file the instant §2255 motion until November 6, 2000, over two years after his conviction became final. Accordingly, the motion is untimely.

5. Under extraordinary circumstances, such as when a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent, equitable tolling may be applied to the one-year limitation period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) cert. denied, 525 U.S. 891 (1998). Petitioner does not raise any allegations which would lead to the application of equitable tolling in this case.

## RECOMMENDED DISPOSITION:

That Respondent's Motion to Dismiss be granted and the §2255 motion be dismissed with prejudice.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE